IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bahaadur Aalim Abd 'ul' Ahad, | Case No. 4:16-3958-TLW-TER |
| PLAINTIFF | |
| v. | |
| Rob Lee, Individually and in his Official Capacity as Chesterfield County Under Sheriff, Chesterfield County Sheriff's Office, Chesterfield County, C, D, E, F, G, H, I, John Doe Persons, Wayne Jordan, Breanna Davis, | **ORDER** |
| DEFENDANTS | |

Plaintiff Bahaadur Aalim Abd 'ul' Ahad, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. §§ 1983 and 1985(3)[1], alleging that Defendants violated his Constitutional rights in connection with their decision not to prosecute an individual whom Plaintiff asserts assaulted him. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (R&R) filed by Magistrate Judge Rogers, to whom this case was assigned. ECF No. 19. In the R&R, the Magistrate Judge recommends the Complaint should be summarily dismissed without prejudice and without issuance of service of process because it fails to state a cognizable claim upon which relief could be granted. Plaintiff filed objections to the R&R. ECF No. 24. This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

---

[1] Plaintiff also asserts Defendants violated various other state and federal statutes but, as stated in the Report and Recommendation, no private right of action exists under those statutes. ECF No. 19 at 2-3. Additionally, although Plaintiff mentions a claim for intention infliction of emotional distress, there is no independent basis for this Court to exercise jurisdiction over such a claim in light of the dismissal of the federal claims that he asserts form the basis of federal jurisdiction in this case. See ECF No. 10 at 3.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed *de novo* the R&R and Plaintiff's objections. Plaintiff's objections focus on whether Defendants should have been served with process in this case, but do not address the legal analysis set forth in the R&R which explains why Plaintiff has failed to state a claim upon which relief could be granted. After an appropriate review, the R&R is ACCEPTED and Plaintiff's objections are OVERRULED. Plaintiff's Complaint is hereby DISMISSED without prejudice and without issuance of service of process for the reasons stated by the Magistrate Judge.[2]

IT IS SO ORDERED.

s/ Terry L. Wooten
Chief United States District Judge

May 8, 2017
Columbia, South Carolina

---

[2] After the R&R was filed, Plaintiff filed a motion to extend the time to serve Defendants. ECF No. 26. The Court reviewed this filing and finds that it fails to cure the fundamental deficiency identified in the R&R—the failure of the Complaint to state a claim upon which relief could be granted. In light of this analysis the motion to extend time is TERMINATED AS MOOT.